MITCHELL + COMPANY
Brian E. Mitchell (SBN 190095)
*brian.mitchell@mcolawoffices.com*
Marcel F. De Armas (SBN 289282)
*mdearmas@mcolawoffices.com*
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3514
Facsimile: (415) 402-0058

Attorneys for Plaintiff
TATCHA LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TATCHA LLC, a Delaware limited liability corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHIPPING & TRANSIT LLC, a Florida limited liability corporation,<br><br>　　　　　Defendant. | CASE NO. 3:16-cv-539<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY**<br><br>**JURY TRIAL DEMANDED** |

DECLARATORY JUDGMENT COMPLAINT        1                    Case No. 3:16-cv-00539

Plaintiff Tatcha, LLC ("Plaintiff" or "Tatcha") files this Complaint for Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patents Nos. 7, 400,790 against Shipping & Transit LLC, stating as follows:

## THE PARTIES

1. Plaintiff Tatcha is a Delaware limited liability company headquartered in San Francisco, California.

2. Upon information and belief, Defendant Shipping & Transit LLC ("Shipping and Transit") is a Florida limited liability corporation having its principal place of business at 711 SW 24th Avenue, Boynton Beach, Florida.

## JURISDICTION AND VENUE

3. This Complaint arises under federal law and the laws of California. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1338 because the Complaint states claims arising under an Act of Congress relating to patents, 35 U.S.C. § 271.

4. This Complaint also arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* based on Defendants' threats to sue Plaintiff for patent infringement, thereby giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

5. Since January 2015, Shipping and Transit has been involved in 91 lawsuits asserting the '970 Patent, of which 15 suits have been filed and litigated by Shipping and Transit in California.

6. According to its counsel, Shipping and Transit was formerly known as ArrivalStar SA and Melvino Technologies Limited. Prior to its name change, it filed and litigated numerous lawsuits in California asserting the '970 Patent. On information and belief, it derived substantial licensing revenue from California companies as part of its patent assertion, including the assertion of the '970 Patent.

7. Indeed, it has been involved in more than 300 lawsuits across the United States involving the patent-in-suit, or other related patents. Shipping and Transit is one of the world's most prolific users of the federal district courts for the purposes of patent assertion.

8. Upon information and belief, Shipping and Transit conducts substantial business in this judicial district, including regularly engaging in persistent courses of conduct and deriving substantial revenue from entities in California. Therefore, this Court has personal jurisdiction over Shipping and Transit.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTUAL BACKGROUND

10. The '970 Patent are directed to methods and systems for tracking the location of vehicles carrying packages being shipped to customers, and for informing customers of the location of the vehicles bearing their packages at those times that the customer has specified he wants to receive information.

11. On April 22, 1997, U.S. Patent No. 7,400,970 ('970 Patent), entitled System and Method for a Notification System for Monitoring and Reporting Proximity of a Vehicles was issued.

12. By way of example, Claim 1 of the '970 Patent claims as follows:

> 1. A computer based notification system, comprising:
>
> means for enabling communication with a user that is designated to receive delivery of a package;
>
> **means for presenting one or more selectable options to the user, the selectable options including at least an activation option for instigating monitoring of travel data associated with a vehicle that is delivering the package to the user**;
>
> **means for requesting entry by the user of a package identification number or package delivery number**, each pertaining to delivery of the package;
>
> **means for identifying the vehicle based upon the entry**;
>
> means for requesting entry by the user of contact information indicating one or more communication media to be used in connection with a notification communication to the user;
>
> **means for monitoring the travel data**; and
>
> means for initiating the notification communication pertaining to the package via the one or more communication media, based upon the travel data.

The '970 Patent, Claim 1 (emphasis added).

13. In other words, to infringe this claim, one must at the very least have a system that: presents to the user options that the user may select that include at least an "activation option" to start monitoring travel data associating with a vehicle carrying a package to the user; has a way of requesting the user to enter a "package identification number" or "package delivery number;" identifies a vehicle based on the package identification or delivery number; and monitors the travel data associated with a vehicle delivering the package to the user.

### A. Shipping & Transit Targeted Tatcha With A Letter Falsely Alleging Patent Infringement And Demanding A "Nuisance Value" Settlement.

14. Tatcha is a leading luxury skincare company that sells skincare products online with its headquarters in San Francisco, California.

15. Tatcha customers are located throughout the United States, including the San Francisco Bay Area.

16. When a customer makes a purchase on Tatcha's website, Tatcha's computer system automatically sends the customer an order confirmation email.

17. Tatcha then arranges to package and ship the customer's order. Tatcha uses the courier services, such as the United States Postal Service, for shipment. Upon information and belief, the courier services Tatcha uses to ship to customers have licenses to the patents-in-suit.

18. When the order has been packed and given to the courier, Tatcha computer system sends an email to the customer telling her that her package has shipped, and providing her with a tracking number and a link to the website of courier service as appropriate. At that point, Tatcha has completed its interaction with the customer, the package, and the shipping.

19. Tatcha does not track the package or any vehicle that carries the package, does not allow the user to specify when the user wishes to receive notifications, does not receive vehicle or location indicator numbers from the user, does not create a "vehicle status report," does not automatically or otherwise identify a proximity of a vehicle based on any location indicator, does not track any vehicles, does not analyze data indicative of the travel of any vehicle, does not present the user with options including an activation option to start monitoring travel data associated with a vehicle carrying a package, does not ask the user for a package identification

number or package delivery number related to the delivery of a package, does not identify a vehicle based on any such package number, and does not monitor travel data associated with a vehicle delivering a package.

### COUNT I – DECLARATION OF INVALIDITY OF THE '970 PATENTS

20. Tatcha restates and incorporates by reference the allegations in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

21. Shipping & Transit claims to own all rights, title, and interest the '970 Patent.

22. Shipping & Transit has demanded that Tatcha take a license to the '970 Patent.

23. A substantial, immediate, and real controversy therefore exists between Tatcha and Shipping & Transit LLC regarding whether the claims of the '970 Patent are valid.

24. The claims of the '970 Patent are invalid under at least 35 U.S.C. §§ 101 and 112.

25. All of the claims of the '970 Patent are invalid pursuant to 35 U.S.C. § 101 because they purport to claim unpatentable abstract concepts. For example, the claims of the '970 Patent are directed to the abstract idea of tracking and reporting on an item's movement.

26. Based on Shipping & Transit's letter, its threat of litigation for patent infringement, its pattern of litigation, and Tatcha's denial of infringement, an actual case or controversy exists as to whether Tatcha infringes any valid claim of the Patents-in-Suit, and Tatcha is entitled to a declaration that the claims of the '970 Patent are invalid.

### Count II – Declaration of Non-Infringement THE '970 PATENT

27. Tatcha restates and incorporates by reference the allegations in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

28. Shipping & Transit claims to own all rights, title, and interest in '970 Patent.

29. Shipping & Transit has demanded that Tatcha Cosmetics take a license to the '970 Patent.

30. Based on Shipping & Transit's letter, its threat of litigation for patent infringement, and its pattern of litigation, and Tatcha's denial of infringement, a substantial, immediate, and real controversy exists between Tatcha and Shipping & Transit regarding whether Tatcha directly or

indirectly infringes or has infringed the '970 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '970 Patent.

31. Tatcha seeks a judgment declaring that Tatcha does not directly or indirectly infringe any claim of the '970 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Tatcha respectfully prays for the following relief:

A. A declaration that Tatcha's services, systems, and practices do not infringe '970 Patent;

B. A declaration that '970 Patent is invalid;

C. A determination that this is an exceptional case and an award of all costs and attorneys' fees to Tatcha;

D. That Tatcha be awarded its costs of suit, and pre- and post-judgment interest on any money amount; and

E. Any other relief as this Court deems just and proper.

Dated: February 1 2016　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Brian E. Mitchell*
　　　　　　　　　　　　　　　　　　　　　　Brian E. Mitchell

　　　　　　　　　　　　　　　　　　　　　　Brian E. Mitchell
　　　　　　　　　　　　　　　　　　　　　　Marcel F. De Armas
　　　　　　　　　　　　　　　　　　　　　　MITCHELL + COMPANY
　　　　　　　　　　　　　　　　　　　　　　4 Embarcadero Center, Suite 1400
　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　　　　Telephone:　(415) 766-3515
　　　　　　　　　　　　　　　　　　　　　　Facsimile:　(415) 402-0058
　　　　　　　　　　　　　　　　　　　　　　brian.mitchell@mcolawoffices.com
　　　　　　　　　　　　　　　　　　　　　　mdearmas@mcolawoffices.com

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　TATCHA, LLC

# JURY DEMAND

Plaintiff demands a jury trial on all claims as to which it has a right to a jury.

Dated: February 1, 2016

Respectfully submitted,

*/s/ Brian E. Mitchell*
Brian E. Mitchell

Brian E. Mitchell
Marcel F. De Armas
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 766-3515
Facsimile:    (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

Attorneys for Plaintiff
TATCHA, LLC